## Richmond.

### BOARD OF SUPERVISORS OF BEDFORD COUNTY v. BEDFORD HIGH SCHOOL.

#### NOVEMBER 21, 1895.

1. BEDFORD HIGH SCHOOL—*Act of Incorporation Constitutional.*—The act of Assembly, approved March 3, 1894, entitled "An act to provide for the establishment of a high school for Bedford county," establishes one of the class of "higher grades of school" referred to in sec. 9, Art. VIII., of the Constitution, and is not in conflict with the provision of sec. 8, Art. VIII., of the Constitution, and is not unconstitutional.

2. COVENANT RESTRICTING USE OF LAND—*Case at Bar.*—A deed conveying real estate to an incorporated school contains a covenant "that said land and buildings shall be used for the purposes of said school, and for no other purpose." This covenant does not create a base or qualified fee, but it does restrict the use of the land to a particular purpose, which is binding on all those taking title to the property with notice thereof, and imposes a servitude on the land which a court of equity will, in a proper case, enforce.

Argued at Wytheville.    Decided at Richmond.

Error to a judgment of the Circuit Court of Bedford county, rendered January 16, 1895.

*Reversed.*

The Bedford High School, a corporation chartered by the Legislature of Virginia, purchased certain real estate in the county of Bedford, for the purposes of said corporation. In pursuance of sec. 824 of the Code, the title to the property

was submitted to the judge of the County Court of Bedford
for approval.   He refused to approve it by an order made
October 1, 1894.   Whereupon five citizens appealed of right,
in pursuance of sec. 824 of the Code, to the Circuit Court.
The Circuit Court heard the case *de novo*, and on January
16, 1895, entered an order reversing the judgment of the
County Court, and approving the title.   To the judgment of
the Circuit Court a writ of error was awarded by this court.
The facts sufficiently appear in the opinion of the court.

*Kirkpatrick & Blackford,* for the plaintiff in error.

*R. G. H. Kean* and *M. P. Burks,* for the defendant in
error.

KEITH, P., delivered the opinion of the court.

The Bedford High School, a corporation created by the
Legislature of Virginia (Session Acts of 1894, page 651),
purchased a lot of ground and buildings thereon from the
Jeter Female Institute, in Bedford City, Va.   As this school
was to constitute a part of the free school system, and to be
under the management of the public schools of Bedford
county, it became necessary to refer the question of title to
the County Court of Bedford county, in accordance with the
provisions of section 824 of the Code.   Upon an examination
of the title, objection was made upon several grounds, the
most important of which grows out of a covenant contained
in the deed from the Bedford City Land and Improvement
Company to the Jeter Female Institute, the immediate grantor
of the Bedford High School.   The covenant is in the following
words : " The said Jeter Female Institute, by accepting this
deed, covenants and agrees that it will erect on said lot or
parcel of land, with all convenient speed, during the present

year, a brick building to be used as a female school, to cost
not less than $20,000, and that said land and buildings shall
be used for the purposes of said school, and for no other pur-
pose." The evidence of title to this property was submitted
to the County Court of Bedford county, which refused to
approve it, and from this order an appeal was taken to the
Circuit Court, which, after hearing evidence, reversed the
judgment of the County Court, and approved the title. To
this judgment a writ of error was awarded by one of the
judges of this court.

From the opinion of the Circuit Court, filed in this case, it
appears that a number of objections were taken to the title.
Of these we consider only two as worthy of note.

First. That the act of the Legislature incorporating the
High School is unconstitutional.

Second. That the title to the land in question is clouded
by reason of a clause in the deed from the Bedford City Land
and Improvement Company to the Jeter Female Institute,
above quoted.

We do not think that the first objection can be sustained.
The school constitutes a part of the free school system of the
State. The corporators are the superintendent of schools of
Bedford county, and the clerks of the several district school
boards of that county. It is placed under the supervision of
the Superintendent of Public Instruction, and is one of the
class of "higher grades of school" referred to in section 9
of Article VIII. of the Constitution, which the Legislature is
authorized to foster, and is not within the limitation imposed
by section 8 of Article VIII., as to the disposition to be
made of the annual tax laid by the General Assembly upon
the property of the State for public free school purposes.
We do not think, therefore, that the act of the Legislature
incorporating the high school is unconstitutional.

With respect to the second objection, it is contended by

the appellants that the clause in question makes the estate conveyed by the Bedford City Land and Improvement Company to the Jeter Female Institute a base or qualified fee; and, secondly, that it is a covenant running with the land. We have no difficulty in holding that it is not a base or qualified fee, and, without deciding whether this is or is not a covenant running with the land—a subject about which there is much nicety and refinement of learning, a consideration of which would, in this case, be unprofitable—it is sufficient for our purposes here to determine that it is a covenant which restricts the use of the land to a particular purpose, and which is binding on all those taking title to the property with notice thereof. It imposes a servitude upon the land which a court of equity will, in a proper case, enforce, and of course diminishes the value of the property affected by it. The cases are numerous in which such covenants are held to be valid and binding on purchasers taking with notice of them. See Pom. Eq., secs. 687 and 1295; *Ladd* v. *City .of Boston,* 21 American State Reports 481 and note, where the subject is fully discussed. The Circuit Court seems to have felt a difficulty in respect to this aspect of the case, and the judge, in his opinion, says: " If I had nothing before me save the language of the deed, then I should withhold my approval of this title in these proceedings, and leave the appellants to such rights as they might have by a bill of specific performance, so that all of the parties who might be interested in the observance of this covenant could be before the court and become bound by the final adjudication of this matter." This is a very clear and satisfactory statement of the difficulty. We do not mean to say that in such cases extrinsic testimony may not be considered in the investigation of titles to property under section 824, but we fully concur with the counsel for appellant that it is the duty of the court, in such cases, to exercise the greatest possible caution, and not to permit the

public authorities to purchase land unless the title to it is clear and absolute.

We must consider this case upon the record as it was made before the Circuit Court, and we cannot look to the record in the *mandamus* case in order to obviate any difficulties, or to supply any defects which may exist.

We think it would be hazardous to compel the Board of Supervisors to accept a title in which there is an obvious infirmity, and force it to rely on *ex parte* parol evidence to cure the defect, or to guard against its consequences. There is no occasion to assume any such risk. Either a bill in equity should be filed in such cases, and proper parties be made and brought before the court, under circumstances which would bind them, as suggested by the Circuit Court judge in his opinion, or resort should be had to those representing the adverse interests, to secure their voluntary aid in removing the difficulty, or the title should be rejected.

We think, therefore, that the Circuit Court erred in approving the title under the circumstances, and that its judgment should be reversed, but without prejudice to the right of the Bedford High School to appear before the County Court, under section 824, and remove, if it can, the cloud existing upon the title by reason of the covenant referred to.

*Reversed.*